ÁNGEL LOZADA ESPINOSA, peticionario y apelante, *v.* BENJAMÍN RODRÍGUEZ, demandado y apelado.

*Número:* O-67-221     *Resuelto:* 31 de marzo de 1969

*Arturo Aponte Parés,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Lolita Miranda, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En 12 de diciembre de 1963 el peticionario fue juzgado por tribunal de derecho por un delito de incesto, luego de renunciar su derecho a juicio por jurado. Fue declarado culpable y sentenciado a cumplir de 1 a 4 años de presidio.

Lo único que surge del récord en cuanto a la renuncia al jurado, es lo siguiente:

"LA CORTE: El Fiscal está listo?
EL FISCAL: Listo.

LA CORTE: La defensa también?

LA DEFENSA: Luego del receso, Vuestro Honor, estamos listos.

LA CORTE: Listos. Por Jurado?

LA DEFENSA: El acusado desea renunciar al Jurado, Vuestro Honor.

LA CORTE: Su Licenciada quiere renunciar a que el caso se vea por Jurado.

EL ACUSADO: No, sin jurado.

LA CORTE: Sin Jurado lo quiere?

EL ACUSADO: Sí.

LA CORTES Pues, muy bien. Se verá por Tribunal de derecho."
(T.E. pág. 2.)

En abril de 1966 el acusado interpuso un recurso de hábeas corpus ante la Sala de Humacao del Tribunal Superior, donde se le había procesado. El auto fue expedido. Alegó en su petición varios motivos en apoyo de la ilegalidad de su prisión pero finalmente la controversia quedó limitada a si el acusado había o no renunciado inteligentemente su derecho a ser juzgado por un jurado.

Luego de recibirse la prueba de las partes, el tribunal a quo dictó sentencia declarando sin lugar el recurso de hábeas corpus.([1]) De esa sentencia apeló el acusado para ante este Tribunal.

---

([1]) En el recurso de hábeas corpus el peticionario declaró, en síntesis, que lo que pasó en el juicio respecto a la renuncia del jurado es lo que aparece del récord taquigráfico; que él no sabía "lo que componía el jurado", que no sabe porqué renunció el jurado y que la abogada que lo defendió no le explicó lo que era el jurado; que nadie le explicó lo que era el jurado; que él es analfabeta.

La Lcda. Juanita Treviño declaró que como abogada de la Sociedad para Asistencia Legal representó al peticionario en el caso de incesto; que tuvo varias entrevistas con el acusado antes del juicio. Se le preguntó si le había explicado lo relativo al jurado y contestó: "Sí, le expliqué lo que era un juicio por jurado e insistiendo con él con ver el juicio por jurado y él fue quien me convenció a mí y me hizo desistir de la idea de juicio por jurado porque era su deseo persistente y yo no pude convencerlo de que viéramos el juicio por jurado. Yo quería verlo por jurado y así se lo expresé." Al repreguntársele qué explicación le había dado al acusado de lo que era un juicio por jurado, contestó: "Yo le expliqué que son doce hombres, la mentalidad de doce personas, la mente de doce que era más

En su alegato el apelante sostiene que la renuncia de derecho a juicio por jurado fue nula porque (1) el juez que presidió el juicio no le informó de la naturaleza del derecho que renunciaba, (2) el fiscal tampoco le informó de dicho derecho, (3) el fiscal no consintió expresamente a la renuncia que hizo el acusado, y (4) la información que sobre ese derecho le trasmitió su abogada era insuficiente.

■ De acuerdo con la ley la renuncia del derecho constitucional a juicio por jurado debe ser hecha por el acusado expresa y personalmente. Regla 111 de Procedimiento Criminal. Además la renuncia de ese derecho debe ser hecha inteligentemente por el acusado, con conciencia de lo que la renuncia implica en sus consecuencias. *Pueblo* v. *Juarbe de la Rosa*, 95 D.P.R. 753 (1968).

■ Aun cuando la mejor práctica aconsejable es que el magistrado que preside el tribunal en el momento de hacerse la renuncia del jurado se cerciore de que el acusado está consciente y entiende el alcance del derecho que renuncia y así debe constar claramente en el récord, como la doctrina del caso de *Juarbe de la Rosa*, supra, se aplica prospectivamente según acabamos de decidir en *Pueblo* v. *Delgado Martínez*, 96 D.P.R. 720 (1968), la misma no se aplica al caso del apelante porque el juicio en la causa criminal seguida en su contra se celebró en el mes de diciembre del año 1963.

■ En la jurisdicción federal la renuncia a juicio por jurado está condicionada a que dicha renuncia la haga el acusado por escrito con el consentimiento del tribunal y el consentimiento del fiscal. Regla 23 de Procedimiento Criminal federal; *Patton* v. *United States*, 281 U.S. 276, 74 L.Ed. 854, 855. Nuestras Reglas de Procedimiento Criminal sólo re-

---

fácil convencerlos a ellos doce, le daba énfasis de que por lo menos con nueve, pero que el Señor Juez era una sola persona que convencer y yo de hecho prefería siempre ver el caso por jurado porque siempre le veía más oportunidad a mi corto entender, a mi manera de pensar y él quiso hacerlo así."

quieren que el acusado renuncie expresa y personalmente el derecho a juicio por jurado. Regla 111 de Procedimiento Criminal. No exige el consentimiento del fiscal. Sin embargo, el mismo está implícito cuando sin objeción el fiscal entra a ver el caso por tribunal de derecho. Lo mismo puede decirse del consentimiento del tribunal.

■ No hay fundamento jurídico para sostener, como lo hace el apelante, que las disposiciones de las Reglas Federales de Procedimiento Criminal son aplicables a Puerto Rico. Véase *Pueblo* v. *Rivera Suárez*, 94 D.P.R. 510 (1967).

*Por los motivos expuestos se confirmará la sentencia apelada.*

El Juez Presidente Señor Negrón Fernández no intervino. Los Jueces Asociados Señores Hernández Matos y Santana Becerra, disintieron.

